IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH L. TOOMEY, et al.,

      Plaintiffs,

vs.                                                            No. CIV-12-1100 JB/LAM

CITY OF TRUTH OR CONSEQUENCES,
a municipal corporation,

      Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff Deborah Toomey's *Motion to Remand and Memorandum of Law in Support (Doc. 8)*, filed November 7, 2012.  The remaining 64 Plaintiffs in this case filed a joinder in the motion to remand on November 9, 2012.  [*Doc. 10*].  On November 20, 2012, Defendant filed a response to the motion (*Doc. 40*), and, on December 4, 2012, Plaintiff Toomey filed a reply to the motion (*Doc. 118*).  On November 27, 2012, United States District Judge James O. Browning referred this case to the undersigned to recommend to the Court an ultimate disposition of the case.  [*Doc. 62*].  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

Plaintiffs' ***Motion to Remand and Memorandum of Law in Support*** *(Doc. 8)* be **GRANTED in part** and this case be remanded to the state district court from which it was removed.  The undersigned further recommends that Plaintiffs' request for sanctions be **DENIED**.

<u>**BACKGROUND**</u>

On October 15, 2012, sixty-five (65) Plaintiffs proceeding *pro se* filed a civil complaint in the Seventh Judicial District Court for New Mexico in the County of Sierra.  [*Doc. 1-1*].  Plaintiffs' suit is against the City of Truth or Consequences and asks for declaratory and injunctive relief regarding the acquisition and operation of a solid waste collection center and recycling facility.  *Id.* at 4.  Specifically, Plaintiffs' claims are that Defendant: (1) violated the reservations and restrictions of a United States patent by using patented land for purposes other than recreational use (*id.* at 30); (2) violated its local zoning ordinances by failing to approve and grant "special use permits" for recycling and solid waste collection (*id.* at 31); (3) violated Plaintiffs' rights of due process by failing to hold public hearings and notify property owners regarding the use of the property for recycling and solid waste collection, and by failing to issue an appealable final decision (*id.*); (4) failed to protect the health, welfare, safety and property of the public regarding this property (*id.* at 32); (5) acted *ultra vires* in failing to acquire a solid waste collection center as required by New Mexico state statute (*id.* at 32-33); and (6) acted *ultra vires* by spending public funds to acquire the solid waste collection center at issue (*id.*).  Plaintiffs ask the Court to: (1) find that Defendant has violated the United States patent; (2) order Defendant to zone the patented land for recreational use only; (3) enjoin Defendant from operating a recycling facility and acquiring a solid waste collection center on the patented land; (4) find that Defendant has violated local zoning ordinances; (5) enjoin Defendant from operating a recycling facility or acquiring a solid waste collection center without

a special use permit; (6) declare that Defendant: (a) violated due process by failing to notify affected property owners and hold public hearings for special land use, and by failing to grant an appealable final decision for special land use; (b) failed to protect the health, welfare, safety and property of the public; (c) acted without legal authority in acquiring a refuse disposal plant or area without the adoption of an ordinance; and (d) expended public monies without legal authority in acquiring a solid waste collection center; and (7) enjoin Defendant from further expenditures of public monies for acquiring a solid waste collection center.  *Id.* at 33-35.  Plaintiffs also ask the Court to award them their attorneys' fees and costs pursuant to N.M.S.A. 1978 § 44-6-11.  *Id.* at 35.

On October 24, 2012, Defendant removed the case to this Court, stating that this Court has federal question jurisdiction over the case because Plaintiffs have asserted claims under federal statutes, specifically under the Recreation and Public Purposes Act of 1926, as amended by the Recreation and Public Purposes Amendment of 1988, 43 U.S.C. §§ 869 to 869-4.  [*Doc. 1* at 2].  Defendant also contends that federal question jurisdiction exists because Plaintiffs allege that Defendant has violated due process rights and do not limit that claim to the New Mexico Constitution or the laws of New Mexico.  *Id.* at 2-3.

On November 7, 2012, Plaintiff Deborah Toomey filed a motion to remand the case back to state court, and all Plaintiffs joined in the motion.  [*Docs. 8* and *10*].  In the motion to remand, Plaintiffs state that they have not brought claims under the Recreation and Public Purposes Act or its Amendment because they do not challenge the administrative decision that the land at issue is encumbered by the patent for recreational use only.  [*Doc. 8* at 3 and 9].  Plaintiffs state that, instead, they are asking the Court to declare that solid waste collection and recycling are not recreational uses and that Defendant's zoning of the land violates a New Mexico administrative decision that the

land remains encumbered for recreational use only. *Id.* at 10. Plaintiffs further state that their due process claim requests relief under New Mexico's statutes and constitution. *Id.* at 4. Plaintiffs ask the Court to remand the case to state court, and, because they allege that the case was fraudulently removed, to award Plaintiffs reasonable costs and fees that would be customary if Plaintiffs were represented by counsel, to be paid to a nonprofit corporation. *Id.* at 6 and 14-16.

In its response to the motion to remand, Defendant contends that the Complaint was properly removed under federal question jurisdiction because it alleges a violation of a United States patent and because Plaintiffs did not limit their due process claim to state law. [*Doc. 40* at 1-2]. Defendant states that Plaintiffs' first claim "presents a question that can only be resolved as a matter of federal law" because interpretation of the patent must be made under the Recreation and Public Purposes Act. *Id.* at 5-6 (relying on *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1235 (10th Cir. 2006) ("*Nicodemus II*")). [*See* Complaint, *Doc. 1* at 30]. Defendant also states that Plaintiffs' third claim that Defendant violated their due process rights presents a federal question because the claim is not limited to state law. [*Doc. 40* at 12-13; *see* Complaint, *Doc. 1* at 31]. Defendant contends that, if this Court were to find that the case should be remanded to state court, Plaintiffs should not be awarded costs or fees because Defendant did not fraudulently remove the case. [*Doc. 40* at 13-14].

In her reply, Plaintiff Toomey states that Plaintiffs are not asking for relief under the Recreation and Public Purposes Act because they are not asking that the land revert to the United States, but, instead, are asking for the Court to declare that the land is being used for purposes other than recreational use, which violates the restrictions on the land. [*Doc. 118* at 3]. Plaintiff Toomey contends that this claim is based on the findings in the administrative decision by the New Mexico Economic Development Department (hereinafter, "NMEDD") that the land remains

encumbered for recreational use only.  *Id.* at 3.  In addition, Plaintiff Toomey argues that, because there is no private right of action for Plaintiffs under the Recreation and Public Purposes Act, there is no federal subject matter jurisdiction, and that the decision by the NMEDD is binding on this Court by way of collateral estoppel.  *Id.* at 4-5.  Finally, Plaintiff Toomey contends that failing to specifically exclude the federal constitution in Plaintiffs' due process claim does not invoke federal-question jurisdiction, but, if the Court finds otherwise, then Plaintiff Toomey will move to amend the Complaint to exclude the federal constitution from that claim.  *Id.* at 10.

## LEGAL STANDARD

An action may be removed from state to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1331 when the federal court has "original jurisdiction" over the action because it "aris[es] under the Constitution, laws or treaties of the United States."  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted).  "Moreover, there is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted).  "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citations omitted).  Therefore, federal courts are to strictly construe removal statutes and resolve all doubts against removal.  *See Fajen v. Found, Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392 (citation and footnote omitted).  "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citations omitted).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn Western Camps, Inc.*, 384 F.2d 1220, 1224 (10th Cir. 2004) (citation omitted).  A defendant may not try to sneak in a federal question through the back door by raising a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393 (citation omitted).  Even where a plaintiff's claim involves a federal question, "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399 (footnote omitted).

"In addition to the requirement that the federal question appear on the face of the complaint, plaintiff's cause of action must either be [I] created by federal law, or [ii] if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521, at *5 (D.N.M. Jan. 17, 2008) (citing *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("*Nicodemus I*")).  If the party removing the case contends that a state-created cause of action turns on a substantial question of federal law, the federal question must be contested by the parties.  *Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005).  In addition, the exercise of federal

6

jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313-14. Federal courts must determine whether a finding of federal-question jurisdiction will federalize a "garden variety" state law claim that will inundate the judiciary with cases traditionally heard in state courts. *Id.* at 318-19. Therefore, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (footnote omitted).

## ANALYSIS

A review of Plaintiffs' Complaint shows that Plaintiffs have not presented a substantial federal question in their Complaint for the following reasons:

### A. *Plaintiffs' Claim Regarding the United States Patent on the Land at Issue*

#### 1. *No Federal Cause of Action*

Defendant contends that Plaintiffs' claim that Defendant has violated the reservations and restrictions of a United States patent by using and zoning the patented land to allow non-recreational uses presents a federal question that must be interpreted under the Recreation and Public Purposes Act, 43 U.S.C. § 869, *et seq.* [*Doc. 40* at 5]. The Court finds that the claim does not invoke a cause of action created by a federal law, nor does its resolution necessarily turn on a substantial question of federal law for several reasons. First, even though this claim refers to a United States patent, nowhere in their Complaint do Plaintiffs refer to a federal statute or law. The Court will not construe Plaintiffs' Complaint to imply a claim that they did not bring. *See Trujillo*, 2008 WL 2323521 at *2 ("There is a presumption against removal jurisdiction. . . . Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.")

7

(citations omitted).  It is only in Defendant's Notice of Removal that any reference to the Recreation and Public Purposes Act is made.  [*Doc. 1* at 2].  The fact that Plaintiffs do not refer to or rely on this, or any, federal statute, demonstrates Plaintiffs' reliance on state and local law for resolution of this claim.

Second, it is well-established that a suit to enforce a right deriving from property that was at one time governed by federal law or first conveyed by the United States does not necessarily arise under federal law.  *See Oneida Indian Nation of New York State v. County of Oneida*, 414 U.S. 661, 683 (1974) (Justice Rehnquist's concurring opinion stating: "[T]he grant of a land patent to a private party carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court.  On the contrary, as the majority points out, the land thus conveyed was generally subject to state law thereafter."); *Shulthis v. McDougal*, 225 U.S. 561, 70 (1912) (explaining that a suit involving tracts of land allotted to Native Americans did not arise under the laws of the United States because the controversy "could have arisen in different ways, wholly independent of the source from which [the] title or right was derived"); and *Leach v. Building and Safety Engineering Div., City of Pontiac*, 993 F.Supp. 606, 608 (E.D.Mich. 1998) (explaining that when the United States Supreme Court in *Oneida* found federal jurisdiction over a question regarding tribal lands, it "was an exception to the general rule that localities have plenary power over local property [because] [o]nce patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent") (citations omitted).  The fact that the land at issue in this case was first conveyed by the United States "does not render a suit to

enforce that right [as] one 'arising under' federal law. . . . Only if federal law continues to govern the right . . . or if the suit is to decide whether the United States did, in fact, originally convey it, . . . does an action to enforce that right 'arise under' federal law." *State of Wisconsin v. Baker*, 698 F.2d 1323, 1327 (7th Cir. 1983) (citations omitted). "Were it otherwise, anyone claiming title to real estate in the western United States could bring suit in federal court since title to all lands in those parts of the nation is traceable to a federal grant or law. *Id.* (citing *Shoshone Mining Co. v. Rutter,* 177 U.S. 505, 507 (1900)).

Third, it is important to note that the Recreation and Public Purposes Act does not provide for a private right of action. While Plaintiff Toomey contends in her Reply that federal jurisdiction cannot be found for Plaintiffs' first claim because the statute does not contain a private right of action [*Doc. 118* at 5], the Supreme Court has more recently clarified that the absence of a federal cause of action is not dispositive of whether federal question jurisdiction exists. *See Grable*, 545 U.S. at 318. Nevertheless, the absence of such provision in the statute should be considered by the Court and is an indication of the absence of a "welcome mat" for the federal courthouse. *Id.*

Fourth, while it is not clear under which statute or law Plaintiffs bring their declaratory judgment claim regarding the use of the patented land, the claim does not invoke federal jurisdiction because the remedy which Plaintiffs seek is not available under the federal statute under which the land was conveyed. The only remedy under 43 U.S.C. § 869 is that, if the lands are not used for the purpose for which they were conveyed, they will revert to the United States. *See* 43 C.F.R. § 2741.9(a)(2). This is not a remedy sought by Plaintiffs, as they are asking for a declaratory judgment regarding the patent violation, not for a reversion of the land to the United States. Resolution of Plaintiffs' claim, therefore, is not available under the federal statute, and federal

jurisdiction based on Plaintiffs' reference to the patent would be improper. *See Joy v. City of St. Louis*, 201 U.S. 332, 481 (1906) ("To say that there is a dispute between the parties as to the construction of the patent or of the several acts of Congress referred to does not raise a Federal question, because a statement that there is such a dispute is entirely unnecessary in averring or proving plaintiff's cause of action.").

Fifth, it appears that the determination of whether the patent has been violated will be construed according to state law. *See State of Idaho v. Hodel*, 814 F.2d 1288, 1293 (9th Cir. 1987). In *Hodel*, the State of Idaho sought a declaratory judgment that it was in compliance with a condition that patented land be used solely for park purposes. *Id.* at 1290-91. The Ninth Circuit explained that "[t]he construction of a federal patent is governed by federal law, and if federal law is silent Congress is presumed to have intended the conveyance to be construed according to the law of the state in which the land lies, unless a contrary congressional intent is shown." *Id.* at 1293 (finding that Idaho law governs the construction of the deeds at issue because Congress was silent as to the meaning of "park purposes"). Defendant does not contend that Congress intended that the patent at issue be construed by federal law, and the Court finds no evidence of any such intent in the statute or its implementing regulations. *See* 43 U.S.C. § 869 (statute under which the land was conveyed) and 43 C.F.R.§ 2740.0-1 (explaining that the implementing regulations "provide guidelines and procedures for transfer of certain public lands under the Recreation and Public Purposes Act," but is silent as to the construction of the patents after the land is transferred). In addition, as in *Hodel*, where the term "park purposes" was not defined, the term "recreational use" is not defined by the statute or its implementing regulations. *See* 43 U.S.C. § 869 and 20 C.F.R. § 2740.0-5. Therefore, it appears that the construction of the patent at issue in this case will be

governed by state law, and Defendant's contention that federal law will necessarily be invoked is without merit.

### 2.  **Nicodemus II** *is Inapplicable*

Defendant relies on the *Nicodemus II* decision for its claim that this case presents a federal question. *See* [*Doc. 40* at 5-6]. In *Nicodemus II*, Union Pacific was granted railroad rights-of-way over the plaintiffs' property under federal land-grant statutes. 440 F.3d at 1233. The landowners brought suit against Union Pacific in state court alleging that Union Pacific exceeded the scope of their rights under the federal land-grant statutes by entering into agreements with telecommunications providers to install and maintain fiber-optic cables in the rights-of-way over the plaintiffs' land. *Id.* at 1233-34. Plaintiffs sought damages, a permanent injunction, and a declaratory judgment regarding the fiber-optic cables. *Id.* at 1234. The Tenth Circuit considered whether the plaintiffs' claims raised a federal issue such that defendants' removal of the case on the basis of federal-question jurisdiction was proper. *Id.* at 1234-37. The Tenth Circuit found that "[a]ll of Plaintiffs' claims hinge on whether Union Pacific's use of the right-of-way has exceeded the purpose for which it was granted," and that it would have to look at the language of the easement to determine the intent of the parties. *Id.* at 1234 (citation and footnote omitted). "Thus, the first step in resolving the claims against Union Pacific requires a court to look at the vehicle by which Union Pacific obtained the right-of-way in this case, the federal-land grant statutes." *Id.* The Tenth Circuit found that, in order to prove their unjust enrichment claim and slander of title claims, the plaintiffs would have to prove that the right-of-way grants prohibited the use to which the rights-of-way were put. *Id.* at 1235 and n.8. The Tenth Circuit further found that "construction of the federal land grant appears to be the only legal or factual issue contested in this case," and the federal issue

is substantial.  *Id.* at 1236.  The Tenth Circuit held that there was federal-question jurisdiction, and noted that "[i]t will . . . be the rare state trespass and unjust enrichment case that so uniquely turns on a critical matter of federal law," and that "federal jurisdiction to resolve genuine disagreement over the scope of a right granted to the railroads pursuant to federal law "will portend only a microscopic effect on the federal-state division of labor.'"  *Id.* at 1237 (citing *Grable & Sons*, 545 U.S. 314).

The Court finds that the holding in *Nicodemus II* is distinguishable for several reasons.  First, the rights-of-way in the *Nicodemus* cases were conveyed to the railroad under the railroad statutes enacted in the years 1850 through 1874 or the General Right of Way Act of 1875 (*see Nicodemus v. Union Pacific Corp.*, 204 F.R.D. 479, 483 (D.Wyo. 2001)), and the holding in *Nicodemus II* emphasizes the federal government's substantial interest in the determination of property rights granted to the railroad (*Nicodemus II*, 440 F.3d at 1236 ("Thus, the government has a direct interest in the determination of property rights granted to the railroad.") (citation omitted)).  There is no such substantial federal interest alleged in the land at issue here.  In addition, Plaintiffs' claim does not involve the "rare state trespass and unjust enrichment case" or a "disagreement over the scope of a right granted to the railroads pursuant to federal law," to which the holding of *Nicodemus II* appears to be limited.  *Nicodemus*, 440 F.3d at 1237.  Also, in contrast to the facts of *Nicodemus II*, all of Plaintiffs' claims do not hinge on the determination of whether Defendant's use of the land violates the restrictions on the land -- instead, that claim is only one of several claims that involve the application of state or local law.  Moreover, even if this claim does raise a federal issue, the resolution of the issue does not require the Court to look at the statute under which the land was patented to determine the intent of the parties because: (1) the statute does not provide any

definitions of the term "recreational use" (*see* 43 U.S.C. § 869 and 20 C.F.R. § 2740.0-5); and (2) it appears that determination of whether the land is being used for recreational purposes will be determined by state law (*see Hodel*, 814 F.2d at 1293). The Court, therefore, finds that this case is distinguishable from *Nicodemus II*, and the holding in *Nicodemus II* does not require a finding of federal-question jurisdiction in the instant case. *See, e.g., Devon Energy Prod'n Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1211 (10th Cir. 2012) (distinguishing the holding in *Nicodemus II* because in *Nicodemus II* "it was *necessary* for the court to interpret a disputed issue of federal-law in order for the plaintiffs to establish their state-law claims"); and *Trujillo*, 2008 WL 2323521 at *10 (finding that the federal issue was not substantial because it may not be necessary for the Court to determine the federal question for it to determine the plaintiff's state law claims).

Just as in *Trujillo*, where a question involving federal piloting regulations "does not convert a state-law negligence claim into a substantial federal question," the federal patent in this case does not convert Plaintiffs' state-law zoning and land use claims into a substantial federal question. *See*, 2008 WL 2323521 at *10. Even if Plaintiffs' claim may lead to consideration of the terms of or intent behind the patent at issue, or consideration of whether the NMEDD decision is binding, neither of those issues were raised in Plaintiffs' Complaint, and Defendant may not try to sneak in a federal question through the back door by raising a federal defense. *See Caterpillar, Inc.* 482 U.S. at 393 (explaining that raising a federal question in a defense does not confer subject matter jurisdiction on a court "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue") (citation omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (explaining that the federal question

must be "disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"). For these reasons, the Court finds that Plaintiffs' first claim does not present a federal claim on its face and does not require a determination of a substantial question of federal law. At most, this case involves "the mere presence of a federal issue in a state cause of action," which "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 813.

### B. Plaintiffs' Due Process Claim

The Court also rejects Defendant's contention that Plaintiffs have raised a federal due process claim by failing to restrict their due process claim to state law. *See* [*Doc. 40* at 12-13]. Defendant provides no support for this contention. While Plaintiffs' due process claim does not specifically state that it is brought under the New Mexico constitution, nowhere in Plaintiffs' Complaint do Plaintiffs refer to the federal constitution. *See* [*Doc. 1-1*]. In contrast, Plaintiffs cite to numerous state and local laws under which they bring their claims. *Id.* As Plaintiffs are the "masters of their claims," and do not mention the federal constitution anywhere in their Complaint, Defendants have failed to meet their burden to show that federal jurisdiction is proper. The Court finds that this claim should be denied as well.

### C. Plaintiffs' Request for Sanctions

Plaintiffs ask the Court to sanction Defendant for removing this case from State court, alleging that Defendant's removal is a fraudulent attempt at a back-door appeal of the NMEDD decision regarding the patented land, and an attempt to silence many of the *pro se* Plaintiffs who may not be able to travel to this Court for litigation proceedings. [*Doc. 8* at 14]. Plaintiffs also allege that Defendant may have removed the case to delay a hearing on Plaintiffs' preliminary

injunction motion that had been set in State court prior to Defendant's removal.  *Id.*  Plaintiffs provide no support for these contentions, and the Court does not find any evidence of bad faith, fraud, or unnecessary delay on the part of Defendant.  The Court recommends denying this request.

## <u>RECOMMENDED DISPOSITION</u>

For the foregoing reasons, the Court recommends that Plaintiffs' ***Motion to Remand and Memorandum of Law in Support*** *(Doc. 8)* be **GRANTED in part** and that this action be remanded to the state district court from which it was removed.  The Court recommends **DENYING** Plaintiffs' request for sanctions.

_Lourdes A. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**