IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH L. TOOMEY, RON FENN,
BETHANN FENN, GERALD TRUBULL,
REBECCA OTERO, YARROW
DANKERT, BARBARA SALASIN,
PATRICIA SISTRUNK, JOAN CONWAY,
JOHN PAPE, ALISON RAHSEDI,
ROBERT HANSECK, KATE BACHTEL,
GLENN M ALLEN, JOHN E RAYBURN,
LYNN LARA, BENJAMIN A SANCHEZ,
BONNIE SUE SANCHEZ, FELICITAS
RODRIGUEZ, DEBRA GEORGE,
JAMES C. MALLEN, PATRICK FINLEY,
LINDA SCOTT, ROBERT R.
MUNNERLYN, DIANNE FOX, EARL
FOX, WILLIAM CHARLES BENNET,
JR., GORDON MISHLER, MONICA
MISHLER, AUGUSTA MISHLER,
JOSEPH MISCHLER, MILDRED I REED,
MICHAEL W REED, CHERYL
HOLLINGSWORTH, MARYANN
WALTER, TOMAS P BARTO,
GRETCHEN M BARTO, ARTHUR
LEVINE, RAMONA LEVINE, EDNA
COBLE, BRUCE THOMPSON,
KENNETH HUGHES SMILEY,
LOUIE PALACIOS, JAMES PALACIOS,
MICHELL CAMBROTO, PHYLLIS
MADISON, DAVID MADISON,
WILLIAM MATA, AMANDA BAILEY,
DANA VILLINES, DON CHIDERS,
SHIRLEY M CHILDERS, BETTY
DURHAM, MARY ROSE, CAROL
NARANJO, LUCY FORRESTER,
JOHN B GILLEM, DARONDA FOX, ANN
B SMIELY, MICHAL SCHARTZ, MARIA
BACA, ALFREDO BACA, JOSEPH
JARAMILLO, MARCUS JARAMILLO,
and MICHELLE ELLINGER,

   Plaintiffs,

vs.                             No. CIV 12-1100 JB/LAM

CITY OF TRUTH OR CONSEQUENCES,
a municipal corporation,

        Defendant.

### MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed Dec. 12, 2012 (Doc. 139)("PF&RD"). Defendant City of Truth or Consequences ("T or C"), filed objections to the PF&RD on December 30, 2012. See Defendant's Objections to Proposed Findings and Recommended Disposition (Doc. 144)("Objections"). Plaintiff Deborah H. Toomey filed a response to T or C's objections on January 16, 2013. See Plaintiff Deborah L. Toomey's Response to Defendant's Objections to Proposed Findings and Recommended Disposition (Doc. 146)("Response to Objections"). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed *de novo* those portions of the PF&RD to which T or C objects, and finds the Objections are without a sound basis in the law or the facts. Accordingly, the Court will: (i) overrule T or C's Objections; (ii) adopt the PF&RD; (iii) grant in part the requests in the Plaintiffs' Motion to Remand and Memorandum of Law in Support, filed Nov. 7, 2012 (Doc. 8)("Motion to Remand"); and (iv) remand this case to the state district court from which it was removed.

As explained in the PF&RD, sixty-five Plaintiffs proceeding *pro se* filed a civil complaint in the Seventh Judicial District Court for New Mexico in the County of Sierra against the City of Truth or Consequences asking for declaratory and injunctive relief regarding the acquisition and operation of a solid waste collection center and recycling facility. See Complaint for Declaratory Relief and Injunction, filed in state court on Oct. 15, 2012, filed in federal court on Oct. 24, 2012

(Doc. 1-1). T or C removed the case to federal Court, stating that the Court has federal question jurisdiction over the case because the Plaintiffs assert a claim under the Recreation and Public Purposes Act of 1926, as amended by the Recreation and Public Purposes Amendment of 1988, 43 U.S.C. §§ 869 to 869-4, and because the Plaintiffs' due process claim is not limited to the New Mexico Constitution or to the laws of New Mexico. See Notice of Removal at 2-3, filed Oct. 24, 2012 (Doc. 1). Plaintiff Deborah Toomey filed her Motion to Remand, in which all of the Plaintiffs joined. See 64 Plaintiffs' Joinder in Motion to Remand, filed Nov. 12, 2012 (Doc. 10). The Plaintiffs contend that they have not brought claims under the Recreation and Public Purposes Act or its Amendment, and that their due-process claim requests relief under New Mexico's statutes and constitution. See Motion to Remand at 3-4. The Plaintiffs ask the Court to remand the case to state court, and, because they allege that the case was fraudulently removed, to award the Plaintiffs reasonable costs and fees, to be paid to a nonprofit corporation, that would be customary if counsel represented the Plaintiffs. See Motion to Remand at 6 and 14-16.

    The Honorable Lourdes A. Martinez, United States Magistrate Judge, found that the Plaintiffs have not asserted a claim under the Recreation and Public Purposes Act, because: (i) the Plaintiffs do not refer to this, or any other, statute anywhere in their Complaint; (ii) a suit to enforce a right deriving from property that was at one time governed by federal law or first conveyed by the United States does not necessarily mean that the action arises under federal law; (iii) the Recreation and Public Purposes Act does not provide for a private right of action; (iv) the Plaintiffs do not seek a remedy that is available under the federal statute under which the land was conveyed; and (v) the determination whether the patent has been violated may be construed according to state law. See PF&RD at 7-11. Judge Martinez further found that the holding in Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1235 (10th Cir. 2006)("Nicodemus II"), does not

require the Court to find federal-question jurisdiction over this case, and that the Plaintiffs did not raise a federal due-process claim by failing to restrict their due process claim to state law. See PF&RD at 12 and 14. Finally, Judge Martinez found that the Court should deny the Plaintiffs' request for sanctions, because there is no evidence of bad faith on T or C's part in removing the case to this court. See PF&RD at 15. Judge Martinez recommended remanding this case to state court and denying Plaintiff's request for sanctions. See PF&RD at 15.

T or C's first objection is that Judge Martinez erred in finding that there is no federal-question jurisdiction, because "the question that must be addressed in this case is not whether [T or C] is using its land for purposes that are non-recreational in nature," but, instead, "is whether, under applicable federal law, there are any legal consequences that would follow from [T or C's] use of its land for purposes that are non-recreational in nature." Objections at 3. T or C contends that Section 869-3 of the Recreation and Public Purposes Act shows that Congress "has determined that the federal patent in question shall be governed by and construed according to the applicable federal law, at least as to the continuing force (if any) of restrictions on use of the patented lands." Objections at 5.

T or C failed to raise this contention in its response to the Plaintiffs' Motion to Remand, and T or C does not cite to Section 869-3 in either its response to the Plaintiffs' Motion to Remand or its notice of removal. See Notice of Removal; Defendant's Response to Plaintiff Deborah L. Toomey's Motion to Remand and to 64 Plaintiffs' Joinder in Motion to Remand, filed Nov. 20, 2012 (Doc. 40)("MTR Response"). The contention, therefore, is deemed waived. See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Nevertheless, the Court finds that this objection lacks a sound basis in the law or in the facts of this case. Section 869-3 states that,

if the Secretary of the Department of the Interior authorizes a transfer or change of use of a patent issued under this statute, "all reverter provisions and other limitations on transfer or use" of the patented lands "shall cease to be in effect twenty-five years after the Secretary authorizes the transfer or use for a changed or additional purpose." 43 U.S.C. § 869-3. Even if T or C is conceding that it is not using the land for recreational purposes, which it appears to do on page 3 of its objections ("That is a mere fact of observation and experience, not requiring the wisdom of the Court for its determination."), that concession does not mean that Section 869-3 governs the relief that the Plaintiffs request. As Judge explains in PF&RD, the only remedy under 43 U.S.C. § 869 is reversion to the United States pursuant to 43 C.F.R. § 2741.9(a)(2), see PF&RD at 9-10, and the Plaintiffs are not asking for that relief, see Complaint at 30 and 34. The Plaintiffs are, however, in part, asking the Court to declare that T or C has violated the patented land's reservations and restrictions by using the patented land for purposes other than recreation, and to enjoin T or C from operating a recycling facility and acquiring a solid waste collection center on the land. Moreover, as Judge Martinez also explains in the PF&RD, the Recreation and Public Purposes Act does not provide for a private right of action. See PF&RD at 9. The Court therefore finds that Section 869-3 does not provide a right of action or the relief that the Plaintiffs request, and T or C provides no support for its contention that this section provides federal jurisdiction over the Plaintiffs' claim.

In addition, even if T or C's defense to the Plaintiffs' claim is that there are no longer any land use restrictions on the land pursuant to Section 869-3, see Objections at 6 (stating that T or C "will show, by clear and convincing evidence, that in fact the land use restrictions on the lands in question expired on January 30, 1984"), this issue does not confer jurisdiction on the Court, because federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A defendant cannot

transform an action into one arising under federal law by raising a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." 482 U.S. at 393 (citation omitted). See Joy v. City of St. Louis, 201 U.S. 332, 480-81 (1906)(explaining that "a dispute between the parties as to the construction of the patent or of the several acts of Congress referred to does not raise a Federal question, because a statement that there is such a dispute is entirely unnecessary in averring or proving plaintiff's cause of action"). The Plaintiffs contend in their reply to T or C's objections that this defense "has already been tried and wholly rejected by the State of New Mexico," and that there is no evidence that the requirements of Section 869-3 have been met for expiration of the land-use restrictions. Response to Objections at 3-4. To the extent this issue is relevant to the Plaintiffs' claims, the state court can resolve the issue, because the federal statute does not create exclusive federal jurisdiction or intend to provide a private right of action. See Ernzen v. Ernzen, No. 95-3145, 105 F.3d 669, 1997 WL 7276, at *1 and *3 (10th Cir. Jan. 9, 1997)(unpublished)(explaining that state courts "have concurrent jurisdiction with federal courts over all matters within federal jurisdiction unless there is a specific federal statute creating exclusive federal jurisdiction," and that "[s]tate courts routinely interpret and apply federal law")(citation and internal quotation marks omitted). Moreover, determination of a question involving federal law as an element of a state law claim does not confer federal-question jurisdiction. See Roybal v. Los Alamos Nat'l Bank, 375 F. Supp. 2d 1324, 1333 (D.N.M. 2005)(Browning, J.)(finding no federal question jurisdiction even though the state court may have to interpret federal law in order to resolve the plaintiffs' state law claims). The Court, therefore, finds that T or C's objection lacks a sound basis in the law or in the facts and will thus overrule the objection.

T or C's second objection is that Judge Martinez erred in finding that the holding in Nicodemus II does not require the Court to find federal jurisdiction over the Plaintiffs' Complaint. See Objections at 6-11. T or C contends that this case is similar to Nicodemus II, because Section 869-3 shows Congress' "understanding that the future use of the lands presented a significant federal question." Objections at 8. Again, T or C contends that the Judge Martinez erred in finding that the question presented is whether the land is being used for recreational purposes, because the proper question before the Court is whether "the determination ha[s] any legal significance," which "will necessarily require consideration of the federal legal structure under which the land was conveyed to [T or C], and the extent (if any) to which the terms and conditions of the half-century old conveyance to the City are still binding." Objections at 8. T or C contends that, under the analysis established in Nicodemus II, this case presents a substantial federal question. See Objections at 9-11.

The Court overrules T or C's second objection. First, T or C did not raise this contention in its response to the Plaintiffs' motion to remand, and T or C does not cite to Section 869-3 in either its response to the Plaintiffs' motion to remand or in its notice of removal. See Notice of Removal; MTR Response. The contention, therefore, is deemed waived. See United States v. Garfinkle, 261 F.3d at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Second, the Court finds that this objection lacks a sound basis in the law for two reasons. First, T or C's reliance on Section 869-3 for its defense that there are no longer any land use restrictions on the land pursuant to Section 869-3 does not confer jurisdiction on the Court. Federal jurisdiction exists only when a federal question is presented on the face of the complaint and a defendant may not try to sneak in a federal question through the back door by raising a federal

defense. Caterpillar, Inc. v. Williams, 482 U.S. at 392-93. T or C fails to show how the Recreation and Public Purposes Act provides federal jurisdiction over the Plaintiffs' claim for declaratory judgment where the statute does not provide for a private right of action or for any remedy other than reversion to the United States. See Ernzen v. Ernzen, 1997 WL 7276, at *1 (explaining that state courts "have concurrent jurisdiction with federal courts over all matters within federal jurisdiction unless there is a specific federal statute creating exclusive federal jurisdiction")(citation and internal quotation marks omitted).

Second, T or C's objection lacks a sound basis in the law because the Judge Martinez did not err in her determination that the holding in Nicodemus II is distinguishable from this case. The Court agrees with the Judge Martinez' analysis that: (i) the holding in Nicodemus II emphasizes the federal government's substantial interest in the determination of property rights granted to the railroad by rights-of-way under the railroad statutes, and there is no such substantial federal interest alleged in the land at issue here; (ii) the Plaintiffs' claim does not involve the "rare state trespass and unjust enrichment case," or a "disagreement over the scope of a right granted to the railroads pursuant to federal law," to which the holding of Nicodemus II appears limited; (iii) all of the Plaintiffs' claims do not hinge on the determination of whether T or C's use of the land violates the restrictions on the land, as was the case in Nicodemus II; (iv) the resolution of T or C's claim regarding the patented land does not require the Court to look at the statute under which the land was conveyed to determine the intent of the parties regarding the use of the land. See PF&RD at 12. See also Devon Energy Prod'n Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1211 (10th Cir. 2012)(distinguishing the holding in Nicodemus II because in Nicodemus II "it was necessary for the court to interpret a disputed issue of federal-law in order for the plaintiffs to establish their state-law claims")(emphasis in original); and Trujillo v. Reynolds, No. CIV 07-1077

JB/RLP, 2008 WL 2323521, at *10 (D.N.M. Jan. 17, 2008)(Browning, J.)(finding that the federal issue was not substantial, because it may not be necessary for the Court to determine the federal question for it to determine the plaintiff's state law claims).  The Court further agrees with Judge Martinez that, "[a]t most, this case involves 'the mere presence of a federal issue in a state cause of action,' which 'does not automatically confer federal-question jurisdiction,'" and finds that it should overrule T or C's objection.  PF&RD at 14 (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986)(footnote omitted)).  See Roybal v. Los Alamos Nat'l Bank, 375 F. Supp. 2d at 1333 (finding no federal question jurisdiction even though the state court may have to interpret federal law to resolve the plaintiffs' state law claims).

**IT IS ORDERED** that: (i) the Defendant's Objections to Proposed Findings and Recommended Disposition, filed Dec. 30, 2012 (Doc. 139) are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed Dec. 12, 2012 (Doc. 139) are adopted; the Plaintiffs' requests in their Motion to Remand and Memorandum of Law in Support, filed Nov. 7, 2012 (Doc. 8), are granted in part and denied in part as set forth in the Magistrate Judge's Proposed Findings and Recommended Disposition; and the case be remanded to the state district court from which it was removed.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Deborah L. Toomey
Truth or Consequences, New Mexico

      *Plaintiff pro se*

Ron Fenn

Truth or Consequences, New Mexico

    *Plaintiff pro se*

Bethann Fenn
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Gerald Trumbull
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Rebecca Otero
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Yarrow Dankert
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Barbara Salasin
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Patricia Sistrunk
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Joan Conway
Truth or Consequences, New Mexico

    *Plaintiff pro se*

John Pape
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Alison Rashedi

Truth or Consequences, New Mexico

    *Plaintiff pro se*

Robert Hanseck
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Kathe Bachtel
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Glenn M. Allen
Williamsburg, New Mexico

    *Plaintiff pro se*

John E Rayburn
Williamsburg, New Mexico

    *Plaintiff pro se*

Lynn Lara
Williamsburg, New Mexico

    *Plaintiff pro se*

Benjamin A Sanchez
Williamsburg, New Mexico

    *Plaintiff pro se*

Bonnie Sue Sanchez
Williamsburg, New Mexico

    *Plaintiff pro se*

Felicitas Rodriguez
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Debra George

Truth or Consequences, New Mexico

 *Plaintiff pro se*

James C. Mallen
Truth or Consequences, New Mexico

 *Plaintiff pro se*

Patrick Finley
Truth or Consequences, New Mexico

 *Plaintiff pro se*

Linda Scott
Truth or Consequences, New Mexico

 *Plaintiff pro se*

Robert R Munnerlyn
Truth or Consequences, New Mexico

 *Plaintiff pro se*

Dianne Fox
Williamsburg, New Mexico

 *Plaintiff pro se*

Earl Fox
Williamsburg, New Mexico

 *Plaintiff pro se*

William Charles Bennet, Jr.
Truth or Consequences, New Mexico

 *Plaintiff pro se*

Gordon Mishler
Williamsburg, New Mexico

 *Plaintiff pro se*

Monica Mishler

Williamsburg, New Mexico

    *Plaintiff pro se*

Joseph Mishler
Williamsburg, New Mexico

    *Plaintiff pro se*

Mildred I Reed
Williamsburg, New Mexico

    *Plaintiff pro se*

Michael W Reed
Williamsburg, New Mexico

    *Plaintiff pro se*

Cheryl Hollingsworth
Williamsburg, New Mexico

    *Plaintiff pro se*

Maryann Walter
Williamsburg, New Mexico

    *Plaintiff pro se*

Thomas P Barto
Williamsburg, New Mexico

    *Plaintiff pro se*

Gretchen M Barto
Williamsburg, New Mexico

    *Plaintiff pro se*

Arthur Levine
Williamsburg, New Mexico

    *Plaintiff pro se*

Ramona Levine

Williamsburg, New Mexico

  *Plaintiff pro se*

Edna Coble
Williamsburg, New Mexico

  *Plaintiff pro se*

Bruce Thompson
Williamsburg, New Mexico

  *Plaintiff pro se*

Kenneth Hughes Smiley
Truth or Consequences, New Mexico

  *Plaintiff pro se*

Louie Palacios
Williamsburg, New Mexico

  *Plaintiff pro se*

James Palacios
Truth or Consequences, New Mexico

  *Plaintiff pro se*

Michelle Cambroto
Williamsburg, New Mexico

  *Plaintiff pro se*

Phyllis Madison
Williamsburg, New Mexico

  *Plaintiff pro se*

David Madison
Williamsburg, New Mexico

  *Plaintiff pro se*

William Mata

Williamsburg, New Mexico

 *Plaintiff pro se*

Amanda Bailey
Williamsburg, New Mexico

 *Plaintiff pro se*

Dana Villines
Williamsburg, New Mexico

 *Plaintiff pro se*

Don Childers
Williamsburg, New Mexico

 *Plaintiff pro se*

Betty Durham
Williamsburg, New Mexico

 *Plaintiff pro se*

Mary Rose
Williamsburg, New Mexico

 *Plaintiff pro se*

Carol Naranjo
Williamsburg, New Mexico

 *Plaintiff pro se*

Lucy Farrester
Williamsburg, New Mexico

 *Plaintiff pro se*

John B Gillem
Williamsburg, New Mexico

 *Plaintiff pro se*

Daronda Fox

Williamsburg, New Mexico

>*Plaintiff pro se*

Ann B Smiley
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Michal Schartz
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Maria Baca
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Alfredo Baca
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Joseph Jaramillo
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Marcus Jaramillo
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Michelle Ellinger
Truth or Consequences, New Mexico

>*Plaintiff pro se*

Gerald A. Coppler
John L Appel
Coppler Law Firm, PC
Santa Fe, New Mexico

>*Attorneys for the Defendant*